

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00474-CR

NOE GERMAN VARELA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,584-C, Honorable Ana Estevez, Presiding

August 5, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Noe German Varela appeals from his convictions for the offenses of engaging in organized criminal activity and possession of a controlled substance with intent to deliver and the resulting sentences. Through one issue, appellant contends the trial court erred in denying his motion to suppress. We will overrule the issue and affirm the court's judgment.

Background

Appellant was indicted in a two-count indictment. Count I alleged appellant engaged in organized criminal activity, enhanced under section 71.02 of the Texas Penal Code.[1] Count II alleged appellant possessed a controlled substance with intent to deliver, enhanced pursuant to section 481.112 of the Texas Health and Safety Code.[2] The trial court heard appellant's motion to suppress evidence found when he was searched, and denied the motion. Appellant pled guilty to both counts in an agreed plea. He was sentenced according to the agreed plea to twenty years of imprisonment for each count, to run concurrently. The trial court certified appellant's right to appeal the denial of his pretrial motion to suppress.

At the suppression hearing, five law enforcement officers and appellant testified. Testimony showed a search warrant was issued authorizing the search of a duplex unit in Amarillo and seizure of methamphetamine and related items. The warrant and the affidavit on which it was based were admitted at the hearing. The affidavit said the duplex was controlled by two men, David Walter Johnson and "a Hispanic male known only as Herman." The affidavit also described the information obtained by officers from a confidential informant. Included among that information was the statement that the informant had seen one of the two men with a usable amount of methamphetamine inside the duplex within forty-eight hours.

The warrant authorized officers to enter the duplex without knocking.

---

[1] TEX. PENAL CODE ANN. § 71.02 (West 2012).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2012).

The officer who signed the affidavit, Sergeant Harbert, also testified at the hearing to other information given him by the informant but not included in the affidavit. That information included a description of the physical appearance of the man known as Herman, and a description of the vehicle Herman drove as a white Nissan SUV. Harbert also said the informant told him Johnson lived at the duplex and Herman went there "almost on a daily basis" to sell drugs. The informant also identified Herman as Johnson's methamphetamine supplier.

The search warrant was executed three days after its issuance, at about 3:35 p.m. Johnson and a female were found inside the duplex. Officers also found an amount of methamphetamine, and a cell phone belonging to Johnson. Harbert testified he looked at the cell phone and saw a text message from "Herman" stating, "Are you awake? Can I come over?" Harbert sent a text in reply stating "Come on over."[3]

Shortly after Harbert sent the reply text, a man, identified in open court as appellant, arrived at the duplex in a white Nissan SUV. Harbert testified the timing of appellant's arrival after the text message, his physical appearance consistent with the description given by the informant and the white Nissan SUV caused Harbert to believe appellant was "Herman."

When appellant reached the screen door of the duplex, Harbert and other officers met him, ordered him to the ground, and placed him in handcuffs. Officers asked appellant if he was "Herman." Appellant denied it. Harbert and another officer testified appellant consented to a search of his person. Some 13 grams of methamphetamine

---

[3] The propriety of these actions with Johnson's cell phone is not at issue.

3

was found in plastic baggies in appellant's pants pocket. Appellant testified at the hearing, telling the court he arrived at the duplex simply to visit his friend and denying he consented to a search of his person.

Analysis

Through his sole issue on appeal, appellant contends the trial court abused its discretion in denying appellant's motion to suppress evidence because appellant was illegally seized and searched by law enforcement in violation of the Fourth Amendment.

An appellate court normally reviews a trial court's ruling on a motion to suppress by using a bifurcated standard of review, giving almost total deference to the historical facts found by the trial court and reviewing *de novo* the trial court's application of the law. *Amador v. State, 221* S.W.3d 666, 673 (Tex. Crim. App. 2007). Because the trial court's decision to grant or deny the motion to suppress turned on the court's assessment of witness credibility and demeanor, we will review the record applying a deferential, abuse of discretion standard of review. *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997).

A ruling on a motion to suppress lies within the sound discretion of the trial court. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). At the hearing on the motion, the trial court serves as the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.; Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The law recognizes that the trial court, who observes the demeanor and appearance of the witnesses, is in a better position to determine their credibility than an appellate court limited to reading the testimony as it appears in the record. *See*

4

*Villarreal,* 935 S.W.2d at 138. Therefore, we must view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, and must sustain the ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* Absent a clear showing of an abuse of discretion, we will not disturb the trial court's ruling. *Id.*

Appellant's argument in support of his issue seems to assume that the officers' search of his pockets was authorized by the search warrant. His brief contends the warrant "was invalid as to Appellant." But the State has not argued, at the suppression hearing or on appeal, that the search warrant authorized a search of appellant's person. Its brief on appeal concedes that the warrant alone was insufficient to authorize the search of his person. The State's position at the suppression hearing was that appellant consented to the search. The State rested its case at the hearing after presenting the testimony of Sergeant Harbert that appellant gave consent for the search. Another officer, called by appellant, also testified he consented to the search.

Appellant told the court he did not give consent, but it was the role of the trial court to decide whether to give weight to his testimony or the contrary testimony of the officers. When, as here, no findings of fact or conclusions of law are filed, we must assume the trial court made all findings in support of its ruling that are consistent with the record. *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Application of that precept in this case means that we must assume the trial court found the testimony of the officers credible on the matter of appellant's consent to the search. *See State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (in a motion to suppress

5

hearing, the trial court is the sole trier of fact and may believe or disbelieve all or any part of a witness's testimony).

At the suppression hearing, appellant cited *Ybarra v. Illinois,* 444 U.S. 85, 100 S. Ct. 338, 342, 62 L. Ed. 2d 238, 245 (1979), in his argument that the search was unlawful. *Ybarra*, however, is readily distinguishable. There, police executed a search warrant that authorized the search of a bar and Greg, the bartender. Ybarra was a customer in the bar who police also searched. *Id.* at 88. Citing an earlier decision for the proposition that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person," *id.* at 91 (citation omitted), the Court went on to hold, "[w]here the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person." *Id.* The standard we apply here, however, is not one based on probable cause, but based on consent. *See McGee v. State,* 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (voluntary consent is an exception to the warrant requirement).

With regard to the officers' detention of appellant as he prepared to enter the duplex, we conclude without difficulty that officers had, at the least, a reasonable suspicion appellant was connected with the criminal activity they had observed in the duplex. Based on the information in his possession and appellant's arrival shortly after the reply text, Sergeant Harbert's conclusion that the man approaching the duplex was "Herman" was reasonable.[4] "Herman" was described in the search warrant affidavit as

---

[4] During his testimony at the suppression hearing appellant told the court he denied to officers his name was "Herman" because his name is Noe German Varela. He acknowledged, however, that in the Spanish language his middle name "German" is pronounced as "Herman" with an "H" sound.

6

the second person in control of the duplex, and Harbert testified his informant told him "Herman" was there almost daily, usually in the afternoon, to supply and sell methamphetamine. Officers were authorized, under the principles of *Terry v. Ohio*,[5] to detain appellant to investigate his connection with the drug activity in the duplex when he consented to the search of his person. *See Gurrola v. State,* 877 S.W.2d 300, 302 (Tex. Crim. App. 1994) (detention is authorized when officers have a reasonable suspicion to suggest a connection between detained person and unusual activity); *cf. Lippert v. State,* 664 S.W.2d 712 (Tex. Crim. App. 1984) (stop and frisk was not justified because individual was a non-occupant and had no established connection with the drugs in the house).[6]

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, we find the trial court acted properly in denying appellant's motion to suppress. The court's ruling was reasonably supported by the record and is correct on theories of law applicable to the case. Accordingly, we resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[5] *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[6] Because of our conclusion appellant's detention was authorized by the officers' reasonable suspicion he had involvement with the methamphetamine they found in the duplex, we need not address the State's argument they also had probable cause to arrest him when he approached the duplex. Nor need we address the question whether officers' authority to detain individuals encountered at a residence when a search warrant is executed has application here. *See Bailey v. United States,* 568 U.S. __, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013) (applying *Michigan v. Summers,* 452 U.S. 692, 101 S. Ct. 2587, 69 L. Ed. 2d 340 (1981), to include detention of persons in the immediate vicinity of the premises while search underway).